Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000790
08-JUL-2015
09:03 AM

NO. CAAP-14-0000790

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BRIAN M. WESTERDAHL, Petitioner-Appellant, v.
TANYA M. BOUSHLEY, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-P NO. 13-1-107K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Petitioner-Appellant Brian M. Westerdahl (**Westerdahl**) appeals *pro se* from the Family Court of the Third Circuit's (**Family Court's**) March 28, 2014 Decision and Order After Evidentiary Hearing on (1) Respondent's Motion to Dismiss Action in Home State as Being in the Best [Interest] of the Child Filed October 29, 2013 (2) Petitioner's Motion and Affidavit for Temporary Relief Filed September 11, 2013 and (3) Petitioner's Motion to Strike Respondent's Motion to Dismiss Action in Home State as Being in the Best Interest of the Child Filed October 29, 2013 (**Decision and Order**).[1] The Decision and Order concluded, *inter alia,* that Hawai'i was an inconvenient forum to try the child custody action initiated by Westerdahl and that jurisdiction in Wisconsin was proper. Westerdahl urges this court to vacate the Decision and Order.

---

[1] The Honorable Aley K. Auna, Jr. presided.

Upon careful review of the record and the brief submitted by Westerdahl, and having given due consideration to the arguments advanced and the issues raised, we resolve Westerdahl's appeal as follows:

"A family court's decision to decline jurisdiction is reviewed for abuse of discretion." NB v. GA, 133 Hawai'i 436, 444, 329 P.3d 341, 349 (App. 2014) (citing Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006)).

HRS § 583A-207 (2006) states, in relevant part:

(a) A court of this State which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.

(b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(2) The length of time the child has resided outside this State;
(3) The distance between the court in this State and the court in the state that would assume jurisdiction;
(4) The relative financial circumstances of the parties;
(5) Any agreement of the parties as to which state should assume jurisdiction;
(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
(8) The familiarity of the court of each state with the facts and issues in the pending litigation; and
(9) The physical and psychological health of the parties.

The Family Court's Decision and Order addressed each of the nine statutory factors listed above and made the following findings:

a.  Whether domestic violence has occurred and is likely to continue in the future and which State can best protect the parties and the child.  The Court

concludes that domestic violence has occurred. The Court does not conclude that it is likely that domestic violence is likely to continue. The Court does conclude that both Hawaii and Wisconsin can protect the parties. However, the Court does conclude that Wisconsin would be a good place for the enforcement of the protection orders because of the great distance between Wisconsin and Hawaii and Respondent's representation that she now resides in Wisconsin and has no intention to return to Hawaii.

b.  **The length of time the child has resided outside this state.** The fact that the child has now been out of the State of Hawaii for four months is not a factor to consider. Respondent left Hawaii because of domestic violence. The child has resided in the State of Hawaii for the majority of the child's life although the child is still of tender years. If the child was much older this factor would be relevant but because the child is of tender years the Court finds this is not an important factor for determining whether Hawaii is an inconvenient forum.

c.  **The distance between the court in this State and the court in the state that would assume jurisdiction.** The court concludes that the distance between Hawaii and Wisconsin is a relevant factor and concludes there will be a large distance between the non-custodial parent and the child.

d.  **The relative financial circumstances of the parties.** The Court finds that Petitioner is employed full time and has been employed in that position for a while. The Court finds that Respondent earns basically minimum wage but does receive assistance from family. The Court finds that this is an important factor for consideration, namely the ability of one party to travel from or to Wisconsin to have significant contact with the minor child. The Court finds that Petitioner has a better financial circumstance to ensure contact with the minor child.

e.  **Any agreement of the parties as to which state should assume jurisdiction.** This is not a relevant factor for determination as the court finds that the parties have no such agreement.

f.  **The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.** The court finds that the child is too young for testimony. The court finds that many of the witnesses and evidence may be located in Hawaii because the parties have resided in Hawaii prior to and after the birth of the child although Respondent now lives in Wisconsin. The court notes that Wisconsin courts appoint a guardian ad litem in paternity cases and finds that the guardian ad litem may find it difficult but not insurmountable to gather evidence. The Court concludes, however, that either the Hawaii court or the Wisconsin court would have the ability to adequately deal with the evidence in resolving the custody, visitation and child support issues.

g.  **The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.** The court finds that both Hawaii and Wisconsin courts have the ability to decide the issue expeditiously and the procedures necessary to present the evidence.

h.     The familiarity of the court of each state with the facts and issues in the pending litigation. The court finds that the Honorable Gregory B. Gill, Jr. would not have a problem becoming familiar with all facts and issues in the pending litigation having been already been involved in these jurisdictional proceedings which address these facts and issues to a degree. The court therefore finds that both Hawaii and Wisconsin courts have familiarity with the facts and issues in the pending litigation.

i.     **The physical and psychological health of the parties.** The court finds there is no evidence to indicate that Petitioner suffers from any physical or psychological health issues. The court finds there is no evidence to indicate that Respondent suffers from any significant physical or psychological health issues although she has admitted to an anxiety condition.

(Emphases added).

The alleged facts on which Westerdahl bases his arguments are the following: "The minor child was born and lived all his life in Hawaii, the Petitioner has lived in Hawaii for 25 years and the majority of all witness[es] live in the State of Hawaii." However, the Family Court incorporated these facts into its findings, stating that "[t]he child has resided in the State of Hawaii for the majority of the child's life[,]" and "many of the witnesses and evidence may be located in Hawaii because the parties have resided in Hawaii prior to and after the birth of the child although Respondent now lives in Wisconsin." Accordingly, these facts were considered by the Family Court in reaching its conclusions and do not undermine the other findings upon which the Family Court's decision is based.

In addition, we are unable to review whether the Family Court's findings were otherwise clearly erroneous as the record is devoid of a transcript of the January 9, 2014 evidentiary hearing.[2] It is Westerdahl's duty to provide a record sufficient to review his points of error. Hawaiʻi Rules of Appellate Procedure Rule 11(a). Here, the record is "insufficient to show that the alleged error[s] occurred." State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000). As

---

[2]    The minutes entered by the Family Court clerk(s) reveal that the hearing was electronically recorded and that Boushley and Westerdahl testified. The minutes do not indicate what was said during their testimonies.

Westerdahl failed to demonstrate that the Family Court's findings were clearly erroneous, and no abuse of discretion is apparent on the face of the Decision and Order, we do not find that the Family Court abused its discretion in relying on its findings to decline jurisdiction. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.")

For these reasons, we affirm the Family Court's March 28, 2014 Decision and Order.

DATED: Honolulu, Hawai'i, July 8, 2015.

On the brief:

Brian M. Westerdahl
Petitioner-Appellant

Presiding Judge

Associate Judge

Associate Judge